**FOR PUBLICATION**

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |  |
|---|---|---|
| BEACHSIDE ASSOCIATES, LLC, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 2006-233 |
| OKEMO LIMITED LIABILITY COMPANY (Successor by merger to OKEMO MOUNTAIN, INC.) and TIMOTHY T. MUELLER, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ATTORNEYS:**

**Stefan B. Herpel, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiff.*

**James M. Derr, Esq.**
St. Thomas, U.S.V.I.
    *For the defendants.*

### MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of the defendants, Okemo Limited Liability Company (Successor by merger to Okemo Mountain, Inc.) ("Okemo") and Timothy T. Mueller ("Mueller") (together, the "Defendants"), to dismiss or, in the alternative, for summary judgment.

*Beachside v. Okemo, et al.*
Civil No. 2006-233
Memorandum Opinion
Page 2

## I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Okemo is a Vermont limited liability company. Okemo's president at all times relevant in this matter was Mueller. Okemo was the sole shareholder of Bayside Resorts, Inc. ("Bayside"), a Virgin Islands corporation.[1]

On August 18, 1996, Okemo sold Bayside for $6,250,000 (the "Purchase Agreement") to Bluewater (Sapphire) Ltd. ("Bluewater"), a Bahamian corporation. The Purchase Agreement contained certain warranties regarding Bayside's real estate holdings on St. Thomas, U.S. Virgin Islands. Mueller executed a certificate in which he swore to the truth of those warranties.

On April 23, 1999, Bank of America Commercial Finance Corporation f/k/a Nationscredit Commercial Corporation ("Bank of America") loaned Bayside and Bluewater $10,100,000 (the "Loan"). The Loan was evidenced by a promissory note (the "Note") and secured by a mortgage covering Bayside's real estate holdings (the "Mortgage"). Bayside and Bluewater defaulted on their payments under the Note and the Mortgage. On January 15, 2002, Bayside and Bluewater delivered a Consent to and Confession of Judgment to Bank of America (the "Consent Judgment").

In May, 2003, the plaintiff in this matter, Beachside

---

[1] Bayside owns certain real estate on St. Thomas, U.S. Virgin Islands.

*Beachside v. Okemo, et al.*
Civil No. 2006-233
Memorandum Opinion
Page 3

Associates, LLC, a Virgin Islands limited liability corporation, purchased the Note, the Mortgage and the Consent Judgment from Bank of America. In August, 2005, Beachside filed a debt and foreclosure action against Bayside and Bluewater in this Court, alleging a default under the Note and the Mortgage (the "Foreclosure Action"). That action is pending.

Beachside commenced the above-captioned action against Okemo and Mueller in December, 2006.[2] Beachside alleges that an entity called SBRMCOA, LLC ("SBRMCOA") has intervened in the Foreclosure Action at the behest of Mueller, who is a member of SBRMCOA's board. According to Beachside, SBRMCOA claims an interest in Bayside's real estate holdings. Beachside alleges that Mueller's sworn testimony supporting SBRMCOA's claim of interest in the Foreclosure Action contradicts his sworn statements supporting the warranties in the Purchase Agreement.

Beachside asserts five counts in its complaint. Count One asserts a breach of warranty claim against Okemo. Count Two asserts a fraudulent inducement claim against Okemo. Count Three asserts a negligent misrepresentation claim against Okemo. Count Four asserts a fraudulent inducement claim against Mueller. Count Five asserts a negligent misrepresentation claim against

---

[2] Bluewater is alleged to have assigned its claims against the Defendants to Beachside.

*Beachside v. Okemo, et al.*
Civil No. 2006-233
Memorandum Opinion
Page 4

Mueller.

The Defendants seek relief pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, Federal Rule of Civil Procedure 56. The motion largely challenges the sufficiency of the complaint and fails on several fronts to comply with the version of Local Rule of Civil Procedure 56.1 applicable at the time the motion was filed. Consequently, the Court treats the motion under the Rule 12(b)(6) standard. Beachside has filed an opposition.

## II. DISCUSSION

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam) (citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)). All reasonable inferences are drawn in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). A court must ask whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atlantic Corp.*, 127 S. Ct. at 1969 (emphasis in original) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

*Beachside v. Okemo, et al.*
Civil No. 2006-233
Memorandum Opinion
Page 5

allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 1964-65 (internal citations omitted).  Thus, "[t]o survive a motion to dismiss, a . . . plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp.*, 127 S. Ct. at 1965).

### III. ANALYSIS

The Defendants seek dismissal of the complaint in its entirety.  The Court addresses each of the complaint's five counts to determine whether Beachside has met the applicable pleading standard.

Count One asserts a breach of warranty claim against Okemo. To state a breach of warranty claim, the plaintiff must show the following: "(1) plaintiff and defendant entered into a contract; (2) containing an express warranty by the defendant with respect to a material fact; (3) which warranty was part of the basis of the bargain; and (4) the express warranty was breached by defendant." *Promuto v. Waste Mgmt., Inc.*, 44 F. Supp. 2d 628, 642 (S.D.N.Y. 1999) (applying New York law); *see also Spencer Trask*

*Beachside v. Okemo, et al.*
Civil No. 2006-233
Memorandum Opinion
Page 6

*Software & Info. Servs. LLC v. Rpost Int'l, Ltd.*, 383 F. Supp. 2d 428, 461-62 (S.D.N.Y. 2003) (citation omitted).

Here, Beachside alleges that its predecessor-in-interest, Bluewater[3], agreed to purchase Bayside from Okemo. Beachside further alleges that Okemo and Mueller warranted in the Purchase Agreement that Bayside's title to its real estate holdings was free and clear. That warranty was a basis of the parties' bargain. Beachside also alleges that Okemo breached that warranty because Bayside's title to its real estate holdings is not in fact free and clear. Taking these allegations as true, as the Court must, Beachside has adequately pled a breach of warranty claim. *See, e.g., Spencer Trask*, 383 F. Supp. 2d at 462.

Counts Two and Four assert fraudulent inducement claims against Okemo and Mueller, respectively. No published Virgin Islands case sets forth the elements of a fraudulent inducement claim. In many jurisdictions, the basic elements of a fraudulent inducement claim are identical to those of a common law fraud claim. *See, e.g., Medical Billing, Inc. v. Medical Mgmt. Sciences, Inc.*, 212 F.3d 332, 338 (6th Cir. 2000) (citation

---

[3] As noted earlier, Bayside alleges that Bluewater assigned its claims against the Defendants to Beachside. The Defendants obliquely question whether such an assignment has actually occurred. The existence of that assignment, however, is a factual inquiry that cannot be decided at the Rule 12(b)(6) stage.

*Beachside v. Okemo, et al.*
Civil No. 2006-233
Memorandum Opinion
Page 7

omitted); *Jag Media Holdings Inc. v. A.G. Edwards & Sons Inc.*, 387 F. Supp. 2d 691, 709 (S.D. Tex. 2004) (citation omitted). Under Virgin Islands law, a plaintiff adequately pleads a common law fraud claim by alleging "(1) a false representation of material fact, (2) the defendant's intent that the statement be acted upon, (3) reliance upon such a statement by the persons claiming to have been deceived, and (4) damages." *Charleswell v. Chase Manhattan Bank, N.A.*, 308 F. Supp. 2d 545, 568-69 (D.V.I. 2004) (citations omitted). In addition, fraud must be pleaded with particularity. *Id.* at 569 (citing Fed. R. Civ. P. 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake should be stated with particularity.")).

Counts Two and Four allege that the Defendants made statements in the Purchase Agreement and related documentation that they knew to be false. Specifically, those counts allege that the Defendants represented to Beachside's predecessor-in-interest during negotiations in 1996 for the purchase of Bayside's real estate, that Bayside's title was free and clear of any third party claims to equitable servitudes. Beachside alleges that the Defendants made those representations with knowledge of their falsity at the time they made them.[4]

---

[4] According to Beachside, notwithstanding the Defendants' representations to the contrary, a third party has asserted claims to equitable servitudes on the real estate.

*Beachside v. Okemo, et al.*
Civil No. 2006-233
Memorandum Opinion
Page 8

Beachside claims to have been induced to enter into the Purchase Agreement by the Defendants' representations. As a consequence, Beachside has suffered financial losses.

Counts Three and Five assert negligent misrepresentation claims against Okemo and Mueller, respectively. To state a claim for negligent misrepresentation, a plaintiff must allege that: (1) the defendant made a representation that was false; (2) the defendant should have known that the representation was false; (3) the plaintiff relied on the representation; (4) the plaintiff suffered pecuniary loss due to its justifiable reliance on the representation; and (5) the defendant failed to exercise reasonable care or competence in obtaining or communicating the information contained in the representation. *See In re Tutu Water Wells Contamination Litig.*, 32 F. Supp. 2d 800, 807 (D.V.I. 1998) (citing Restatement (Second) of Torts § 552 (1977)). Furthermore, "the tort of negligent misrepresentation requires an *express* representation which is false or misleading at the time it is made." *Charleswell*, 308 F. Supp. 2d at 568 (quoting *L.E.B. Enters., Inc. v. Barclays Bank, P.L.C.*, 33 V.I. 42, 46 (Terr. Ct. 1995) (emphasis in original)).

The essential allegations in Counts Three and Five are largely identical. In those counts, Beachside alleges that the Defendants negligently made false statements in the Purchase

*Beachside v. Okemo, et al.*
Civil No. 2006-233
Memorandum Opinion
Page 9

Agreement and related documentation indicating that Bayside's title to its real estate holdings was free and clear. Beachside further alleges that its predecessor-in-interest was induced by those statements to purchase Bayside and, as a result, that Beachside has suffered financial losses. Those allegations, taken as true, suffice to defeat a Rule 12(b)(6) challenge. *See*, *e.g.*, *Bonanno v. Quizno's Franchise Co. LLC*, Civ. No. 06-02358, 2008 U.S. Dist. LEXIS 21678, at *17-18 (D. Colo. Mar. 5, 2008); *StreamCast Networks, Inc. v. IBIS LLC*, Civ. No. 05-04239, 2006 U.S. Dist. LEXIS 97607, at *23 (C.D. Cal. May 3, 2006).

## IV. CONCLUSION

For the reasons given above, the Defendants' motion to dismiss will be denied. An appropriate order follows.

S\_____
    **CURTIS V. GÓMEZ**
       **Chief Judge**